## UNITED STATES v. LOUP.

*(Circuit Court, E. D. Missouri.   April 3, 1880.)*

INTERNAL REVENUE — POSSESSION OF PARTS OF STAMPS PREVIOUSLY USED ON SNUFF JARS—REV. ST. § 3376.—The possession of parts of internal revenue stamps which had been previously used upon snuff jars does not constitute an offence within the terms of section 3376 of the revised statutes, relating to the fraudulent possession of cancelled stamps, although the facts indicated a fraudulent purpose upon the part of the defendant.

Case certified up to the circuit court after trial and verdict in the district court.

*William H. Bliss,* District Attorney, for the prosecution.
*John H. O'Neil,* for defendant.

TREAT, J. The question presented involves the construction of the United States statutes pertaining to internal revenue, and particularly section 3376. The defendant is charged in the indictment with having had in his possession internal revenue stamps that had been theretofore used and cancelled. It appears from the arguments and statements of counsel, rather than otherwise, that the facts are that defendant did have in his possession parts or halves of several stamps which had theretofore been used, which could readily be placed on a package in such a position as to give them the appearance of a complete stamp; but no complete, unbroken or unmutilated stamp.

Under the stipulation of counsel this court is asked to determine whether, on such a statement of facts, the defendant can be found guilty of the offence charged under section 3376.

Reference has been made to many other sections of the statute, supposed to be *in pari materia*; and, on the other hand, the rules of construction as to criminal statutes have been invoked. Where a statute containing many provisions as to distinct subjects, each of which has its own peculiar requirements, is presented for interpretation, the requirements and penalties of one cannot, in a criminal proceeding, be imported into another. Stamps, according to the law and regulations, are to be placed on packages of snuff in a prescribed manner, whereby the opening of the package will destroy the stamp. As to brewer stamps, the statute is very specific as to the mode of placing them on the packages and destroying them; and, as to stamps to be used for some other purposes, it is provided that they shall be "utterly" destroyed, etc.; yet as to snuff stamps no such requirement exists, because it is presumed that if attached as demanded they will necessarily be ruptured or torn into parts. The fact that more specific provisions are contained in the statutes as to other articles would indicate, not that such provisions should obtain as to snuff, but that snuff stamps were intended to follow a different rule—a rule specific as to them.

The statute has several provisions which will adequately

protect the government against fraud by manufacturers or dealers in snuff without importing into section 3376 words not there. It would have been very easy for congress to have enacted that the possession of any part of a stamp previously used should be punishable, if such had been the purpose; or it might have been enacted that the possession of parts which were capable of being united or reunited, etc., should be an offence. When the specific mode of using stamps for tobacco and snuff, as prescribed by the statutes and regulations thereunder, is considered, it is evident that section 3376 contemplated stamps detached as a whole, and not the mere possession of fragments of stamps, no matter how capable of being used.

If stamps previously used are again affixed to a package, or if not destroyed when the package is emptied, etc., the section provides for appropriate penalties. Why, then, should a court go beyond the terms of the section to declare that to be an offence, by construction, which the statute does not make an offence, especially when the same section makes punishable any failure to destroy the stamp on opening the package, or any affixing of the stamp to a new package?

The question must be resolved in favor of the defendant, although the facts stated indicate a fraudulent purpose on his part.

McCRARY, J., concurs.